```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA,
ex rel GABE KAIMOWITZ, an
attorney qui tam, pro se,

    Plaintiffs,

vs.                              Case No. 3:04-cv-1344-J-16HTS

ROBERT ANSLEY, etc.,
et al.,

    Defendants.
_____

## O R D E R

This cause is before the Court on Plaintiffs' Motion for Sanctions Pursuant [to] Rule 37, F.R.Civ.P., for Willful Disregard of a Court Order by John Reber (Doc. #124; Motion), filed on August 1, 2005. *See also* Memorandum of Law in Support of Plaintiffs' Motion for Sanctions Pursuant [to] Rule 37, F.R.Civ.P., for Willful Disregard of a Court Order by John Reber (Doc. #125; Memorandum), filed on August 1, 2005. The Motion is opposed. Response of John Reber to Motion for Sanctions Filed Pursuant to Rule 37, F.R.Civ.P., by Plaintiffs (Doc. #129; Opposition), filed on August 17, 2005; *see also* Memorandum in Support of Opposition of John Reber to Motion for Sanction[s] Filed Pursuant to Rule 37,

F.R.Civ.P., by Plaintiffs (Doc. #130; Opposition Memorandum), filed on August 17, 2005.

The Motion to Compel for Plaintiffs (Doc. #122; Motion to Compel) was filed on May 27, 2005.  In it, Plaintiffs requested the Court to compel responses to interrogatories and requests for production of documents that had been served on Defendants.  *See id.* at 3-4, 6-7.  On June 20, 2005, no opposition having been filed, the Court granted the Motion to Compel and instructed Defendants to "fully respond to the discovery at issue within ten (10) days[.]" Order (Doc. #123; Order).

According to Plaintiffs, following the Order, Defendants provided "objections to all of the discovery initiatives, as well as excised papers of ONIC minutes, including 24 blank pages, and 24 pages containing only notices of meeting adjournments." Memorandum at 5.  In addition, the "objections are identical for" the two sets of interrogatories at issue.  *Id.* at 6.  As a result of this, among other things, sanctions against Defendants' counsel, John Reber, are requested.  *See* Motion at 1-2.

In the Opposition, it is acknowledged "these documents and responses were the subject of" the Order.  Opposition at 1.  Mr. Reber states that "[a]ccompanying those documents and responses were Objections to the Interrogatories filed by each of the ONIC Defendants[.]"  *Id.* at 2; *see also* Opposition Memorandum at 2.  While copies of documents sought "were produced . . . actions and

- 2 -

matters not pertaining to Boca Club were intentionally blocked/deleted [because they] were not within the scope of the allegations in the Complaint[.]" Opposition Memorandum at 3. According to the Opposition, "[t]he limited objections . . . should be reviewed by this Court as a condition precedent to the imposition of sanctions" because "Plaintiff has never moved this Court to determine[] the appropriateness or sufficiency of the reasons for such [o]bjections." Opposition at 2.

The position articulated by Defendants' attorney with respect to the interrogatories and requests for production is clearly without merit. The objections were not raised in timely responses to the discovery requests or even in reply to the Motion to Compel.[1] Rather, only after the Court directed that the materials be provided did Defendants serve objections. This constituted a violation of the Order, which required the requests be answered in full.

Rule 37(b)(2), provides "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made [compelling disclosure or discovery] . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." The various sanctions listed in Rule 37 give the District Court "broad discretion to fashion appropriate

---

[1] Generally, failure to timely object to a discovery request constitutes a waiver of the objection. See Rule 33(b)(4), Federal Rules of Civil Procedure (Rule(s)); Middle District Discovery (2001) at 11, 15.

sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Under the Rule, "courts are to impose only such sanctions 'as are just.'" *Hawkins v. Fulton County*, 96 F.R.D. 416, 420 (N.D. Ga. 1982); *see also Chudasama*, 123 F.3d at 1366. "[T]he sanctions imposed should be 'no more drastic than those actually required to protect the rights of other parties . . . .'" *Hawkins*, 96 F.R.D. at 420 (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970)); *see also Williams v. Southeast Ala. Med Ctr.*, No. Civ.A. 103CV1203FWO, 2005 WL 1155261, at *1-2 (M.D. Ala. April 28, 2005), *adopted by* No. 1:03-CV-1203-F, 2005 WL 1309022 (M.D. Ala. May 31, 2005).

It seems from the filings that Mr. Reber may have misunderstood the requirements of the Order. *See* Opposition at 2 (arguing sufficiency of objections has not been evaluated); Opposition Memorandum at 4 (asserting the Motion is premature). In light of the circumstances, the Court finds sanctions such as striking pleadings, *see* Rule 37(b)(2), would not be appropriate, especially as the relief requested in the Motion is against counsel rather than a party. However, all the materials sought by the discovery requests that were the subject of the Order must be provided.

In addition, the Court must "require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2). The Court has especially broad discretion "when the imposition of monetary sanctions is involved." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 799 F.2d 1510, 1519 (11th Cir. 1986) (per curiam).

It does not appear that there was substantial justification for the failure to comply with the Order. Accordingly, the Court will impose monetary sanctions, specifically, the reasonable expenses incurred by Plaintiffs in filing the Motion.

Requests for admission are also discussed in the filings by Plaintiffs and Mr. Reber. *See* Motion at 1; Memorandum at 4, 8; Opposition at 2; Opposition Memorandum at 4. Plaintiffs state the requests "are deemed admitted." Motion at 1. The Opposition Memorandum, in contrast, states "[t]he Requests to Admit are not and should not be deemed admitted as proffered because of the offer to extend[] the time for responding to July 8, 2005, which deadline was met." *Id.* at 4. It is not clear that Plaintiffs seek relief from the Court with respect to the requests, which were not addressed in the Motion to Compel. Moreover, they have not been submitted for the Court's review and the issue is presented in a

Motion seeking sanctions against an attorney in the case. Accordingly, the Court declines to make findings with respect to this matter. However, if appropriate, Plaintiffs may file an independent motion relating to the requests for admission, after first engaging in a good faith conference with counsel for Defendants pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida.

In light of the forgoing, the Motion (Doc. #124) is **GRANTED** to the extent Mr. Reber shall reimburse Plaintiffs' reasonable expenses incurred in bringing the Motion. In this regard, the parties are directed to meet and attempt to agree on an appropriate sum within ten (10) days from the date of this Order. If they are unable to agree, Plaintiffs shall file, within the same time period, a motion requesting the Court to determine the proper amount, accompanied by an affidavit documenting the relevant expenses. Additionally, the prior Order must be fully complied with, as set forth herein, within eleven (11) days.

Following this Order, oral argument is unnecessary. As such, the request therefor, included in the Motion, is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of September, 2005.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any