UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, ex rel
GABE KAIMOWITZ, qui tam,

      Plaintiffs,

      v.                                 CASE NO. 3:04-cv-1344-J-16HTS

ROBERT ANSLEY, et al.,

      Defendants.

_____/

**O R D E R**

Before the Court is Plaintiffs' Motion for Sanctions Pursuant to Rule 11, F. R. Civ. P., for

Wilful Disregard of the Obligations of a Court Officer (Dkt. 131), to which Plaintiffs attached various

exhibits and filed a Memorandum in Support (Dkt. 132). Plaintiffs also filed a request for Oral

Argument (Dkt. 133). Defendants have not filed any response. Plaintiffs subsequently filed a Motion to

Discharge John Reber, Esq. as an Attorney for Defendants Because he is a Necessary Witness in these

Matters (Dkt. 139) and a Memorandum in Support (Dkt. 140) as well as a request for Oral Argument

(Dkt. 141). Defendants failed to file any response. The Court will address Plaintiffs' Motions in turn.

I.    **Rule 11 Sanctions**

    Plaintiffs present several arguments as to why sanctions, pursuant to Rule 11, Federal Rules of Civil

Procedure, are appropriate. Plaintiffs initially assert that "Mr Reber's [Defendants' attorney] clear violation

of Rule 11 is his signed five-page" Memorandum filed in Opposition ("Memorandum in Opposition")(Dkt.

130) to Plaintiffs previously filed Motion for Sanctions (Dkt. 124) under Rule 37, Federal Rules of Civil

Procedure (Dkt. 131 at 6). Plaintiffs apparently take issue with Defendants' Memorandum in Opposition

(Dkt. 130) noting that the opening paragraph "is indicative of [Defendants'] smoke screen. . . ." (Dkt. 131

at 6). Plaintiffs proceed to allege Mr. Reber engaged in misconduct during discovery. Specifically, in responding to discovery requests, Plaintiffs allege Mr. Reber "wilfully – without regard to truth or falsity of statements – has misled the parties and this Court deliberately, when he got around to responding in July, after the Court ordered full disclosure." Id. at 9. Plaintiffs also allege that "Mr. Reber is trying to cover up outright lies in the responses" given to Plaintiffs' discovery requests. Plaintiffs even allegedly recite verbatim the responses to an interrogatory provided by the Defendants. Id. at 10-12.

After reviewing the submitted documentation, the Court does not find Rule 11 sanctions to be appropriate. Plaintiffs previously moved for sanctions pursuant to Rule 37, Federal Rules of Civil Procedure, and such sanctions were addressed in Judge Synder's Order dated September 12, 2005 (Dkt. 142). From what the Court can discern, Plaintiffs' Motion for Rule 11 Sanctions (Dkt. 131) appears to generally be focused on discovery issues. The Court therefore finds Rule 11 sanctions to be improper. Indeed, Rule 11(d) states that "[s]ubdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rule 26 through 37." FED. R. CIV. P. 11(d). The Court also finds that Plaintiffs acknowledge their Motion for Rule 11 Sanctions (Dkt. 131) "cannot trigger additional attorney fees, or even be considered to require relief. Plaintiffs in fact are asking for this Court to act on its own initiative, in light of the arrogant defiance of Federal Rules of Civil Procedure. . .by Mr. Reber for his client(s)." (Dkt. 132 at 6). In light of the foregoing, Plaintiffs' Motion for Rule 11 Sanctions (Dkt. 131) is denied.[1]

---

[1] It is also unclear to the Court if the Plaintiffs complied with Rule 11(c)(1)(A), Federal Rules of Civil Procedure. Rule 11(c)(1)(A) states that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion. . .the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

## II.     Attorney Discharge

On September 2, 2005, Plaintiffs filed a Motion to Discharge John Reber, Esq. as an Attorney for Defendants Because he is a Necessary Witness in these Matters (Dkt. 139). As a basis for discharge, Plaintiffs contend that "[i]t is now clear that Mr. Reber will not accept for admission into evidence the paper trail of his own extensive participation in the preparation of the papers relied upon by Defendant City to allocate $350,000 HOME funding for repairs and other purposes for Boca Club Apartments." Id. at 1 This contention was supplemented by Plaintiffs through approximately fifty pages of attached exhibits (Dkt. 139, Exhibit A). Plaintiffs argue they have already challenged Mr. Reber's "cursory dismissal of the requests to authenticate," and that consequently they will either have to depose Mr. Reber or call him as a witness. Plaintiffs assert that pursuant to Rule 4-3.7, Lawyer as Witness, Rules Regulating the Florida Bar, Mr. Reber should be disqualified as the attorney for Defendants. Moreover, Plaintiffs further contend that a conflict of interest exists as Mr. Reber was allegedly acting for the city of Orlando on "applications by Orlando Neighborhood Improvement Corporation ("ONIC") at a time when his present client Bob Ansley" was the director of ONIC and the Chief of the Bureau of Housing and Economic Development for Orlando. Id. at 2.

At this juncture, the Court disagrees with the Plaintiffs. The Court finds the Plaintiffs have failed to demonstrate why the Court should disqualify Mr. Reber as attorney for Defendants. However, as this case proceeds forward, the Plaintiffs may renew their Motion for Discharge (Dkt. 139) if it becomes appropriate.

Accordingly, upon due consideration, it is hereby **ORDERED**:

1.      Plaintiffs' Motion for Sanctions Pursuant to Rule 11 (Dkt. 131) is **DENIED**.

2.      Plaintiffs' Motion to Discharge John Reber (Dkt. 139) is **DENIED** .

3.     Following this Order, the requests for Oral Arguments as to Rule 11 Sanctions (Dkt. 133) and

Attorney Discharge (Dkt. 141) are unnecessary and both requests are therefore **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this __27th____ day of September 2005.

copies:
Counsel of record

JOHN H. MOORE II
United States District Judge