**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
ex rel GABE KAIMOWITZ, an
attorney qui tam, pro se,

    Plaintiffs,

vs.	Case No. 3:04-cv-1344-J-16HTS

ROBERT ANSLEY, etc.,
et al.,

    Defendants.
_____

**O R D E R**

    This cause is before the Court on Plaintiffs' Motion for Sanctions Pursuant to Rule 37(c), F.R.Civ.P., for Ongoing Wrongdoing by Attorney John Reber (Doc. #134; Motion), filed on August 31, 2005.  *See also* Memorandum in Support of Plaintiffs' Motion for Sanctions Pursuant to 37(c), F.R.Civ.P., for Ongoing Wrongdoing by Attorney John Reber (Doc. #135; Memorandum).  No opposition has been filed in response thereto, and the time for doing so has passed.  Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida.

    Sanctions are sought against Mr. Reber, apparently based on his objections to a second set of requests for admissions served by Plaintiffs.  *See* Motion at 1; Memorandum at 6.  In answer to the

requests, Mr. Reber, on behalf of his clients, stated "Requests 1 through 386 of the Plaintiff's Second Request for Admissions are cumulative, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence." Objection of Orlando Neighborhood Improvement Corporation, Inc. to Qui Tam Plaintiff's Second Request for Admissions, attached to the Motion as Exhibit A; Objection of Robert E. Ansley, Jr. to Qui Tam Plaintiff's Second Request for Admissions, attached to the Motion as Exhibit A. According to Plaintiffs, sanctions should be imposed pursuant to Rule 37(c), Federal Rules of Civil Procedure (Rule(s)). *See* Motion at 9; Memorandum at 6-7, 9.

> Rule 37(c)(2) states:
>
> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Sanctions under this Rule would not currently be appropriate. Plaintiffs are unhappy with the objection served in response to the requests for admissions. Rule 36(a) contemplates that, under these circumstances, "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections." At the time the Motion was served, Plaintiffs had not done so. However, such a motion has now been filed. Plaintiffs' Motion to Determine the Sufficiency of the Answers or Objections to Three

Sets of Requests for Admission Made to Defendants Other than the City of Orlando (Doc. #151), filed on September 26, 2005.

In light of the foregoing, the Motion (Doc. #134) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2005.

                                       /s/       Howard T. Snyder
                                       HOWARD T. SNYDER
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
     and *pro se* parties, if any