**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,
ex rel GABE KAIMOWITZ, an
attorney qui tam, pro se,

    Plaintiffs,

vs.                                            Case No. 3:04-cv-1344-J-16HTS

ROBERT ANSLEY, etc.,
et al.,

    Defendants.
_____

**O R D E R**

    This cause is before the Court on Plaintiffs' Motion to Determine the Sufficiency of the Answers or Objections to Three Sets of Requests for Admission Made to Defendants Other than the City of Orlando (Doc. #151; Motion).  On November 18, 2005, the Court entered an Order (Doc. #172) giving Defendants until November 29, 2005, to oppose the Motion.  *Id*. at 1.  They were "advised that, should they fail to respond, the Motion will be deemed unopposed."  *Id.*  Nonetheless, no reply has been filed.

    Plaintiffs state "John C. Reber, Esq., [who] represents Defendants other than the City . . . has objected to the second set [of requests for admission] in one brief paragraph, . . . has not

bothered to respond to . . . the third set at all" and responded to the first set more than ten days late "primarily with general denials and objections[.]" Motion at 1. As such, it is requested the Court "deem admitted as genuine all documents other than those opposed by the City, . . . deny each and every objection made by ONIC and Ansley unless they have been specifically accepted by Plaintiffs in their affidavit, and award [Plaintiffs] expenses incurred[.]" *Id.* at 2.

> Pursuant to Rule 36(a), Federal Rules of Civil Procedure, a
>
> matter is admitted unless, within 30 days after service of the request [for admission], or within such shorter or longer time as the court may allow or as the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

The First Request for Admissions to Orlando Neighborhood Improvement Corporation ("ONIC") is attached to the Motion as Exhibit C. It is represented the first request to Mr. Ansley was identical.[1]  Motion at 2. The Motion is unopposed and states the answers to the First Requests were not served within thirty days. Therefore, except for Requests 27, 31, 34-35, 39, and 52-55, which have been withdrawn, Affidavit in Support of Plaintiffs' Motion for Order on Admissions, attached to the Motion as Exhibit F, at (internally numbered) 25-27, 29, 36, the Court will deem the

---

[1] Collectively, the two sets of requests are referred to hereinafter as "First Requests."

matters addressed in the First Requests admitted by Defendants ONIC and Ansley. However, the requested relief will not be granted as to the second and third requests because they were not submitted with or quoted within the Motion.

Accordingly, the Motion (Doc. #151) is **GRANTED** to the extent set forth herein. Otherwise the Motion, including the request for expenses contained therein, is **DENIED** without prejudice to the filing of a motion to which the other requests are attached.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2005.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
　　and *pro se* parties, if any