**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA, ex rel**
**GABE KAIMOWITZ, qui tam,**

    Plaintiffs,

**v.**                                                  **CASE NO. 3:04-cv-1344-J-16HTS**

**ROBERT ANSLEY, et al.,**

    Defendants.
_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

       This cause is before the Court on Plaintiffs' Motion for Temporary Restraining Order ("TRO") filed December 12, 2005 (Doc. #188). Plaintiffs' Motion seeks a court order enjoining defense counsel, John C. Reber, from "filing anything further in this case, until he demonstrates compliance with the un-appealed Orders of Magistrate H.T. Snyder, e.g., by payment of $2,600 to their counsel". Upon due consideration of the motion and the legal premises therein, the Motion for Temporary Restraining Order will be **DENIED**.

       A party moving for a temporary restraining order must demonstrate: 1) the likelihood that the moving party will ultimately prevail on the merits of the claim, 2) the irreparable nature of the threatened injury and the reason that notice cannot be given, 3) the potential harm that might be caused to the opposing parties or others if the order is issued, and 4) the public interest, if any, in the issuance of the order. Local Rule 4.05(b)(4), Middle District Court of Florida. The motion must be supported by allegations of specific facts that demonstrate not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on an application for a preliminary injunction is impracticable if not impossible. Local Rule 4.05(b)(2), Middle District Court of Florida.

The crucial factor in making this determination is the question of immediate and irreparable nature of the alleged injury. The Court is unable to find from the entirety of the Plaintiffs' Motion or Memorandum in support thereof, and the numerous exhibits, the irreparable nature of the injury and the extreme imminence of such injury that would warrant an *ex parte* restraining order.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED:**

That Plaintiffs' Motion for Temporary Restraining Order filed December 12, 2005, (Doc. #188) is hereby **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, this 13th day of December, 2005.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of record