**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA, ex rel**
**GABE KAIMOWITZ, qui tam,**

    Plaintiffs,

    v.                                      **CASE NO. 3:04-cv-1344-J-16HTS**

**ROBERT ANSLEY, et al.,**

    Defendants.
_____/

**O R D E R**

Before the Court is <u>Plaintiff's Motion to Set Aside Denial of Summary Judgment</u> (Doc # 217) filed January 23, 2006 claiming that Senior Judge Moore should be removed because of clear and convincing evidence that he is unfit to continue. The Court would like to set the record straight on numerous items contained in this pleading:

    1)    Plaintiff takes issue with the cancellation of the November 15, 2005 hearing due to a medical disability. This hearing was held on December 15, 2005 at which time the Court clarified, although deemed totally unnecessary, that it was a clerical error that the word "disability" was used instead of "appointment" in the Notice of Hearing. As for Plaintiff's claim that the hearing was scheduled *sua sponte*, the record is clear that in Doc #155, Motion to Set Aside Brief Order, and Doc #159, Motion for Reconsideration of Judicial Qualification, Plaintiff requested a one hour oral argument. Additionally, Doc #160, Request for Oral Argument, was a stand alone request for oral argument on the Motion for Reconsideration (Doc #159). Theses motions which requested oral argument were the subject of the hearing at hand. More importantly, however, the Court on its own may allow oral argument (Local Rule 3.01(d)). Plaintiff's claim of a *sua spont*e hearing is totally

devoid of truth and lacking in merit.

2) Plaintiff Kaimowitz in the pleading at hand (Doc# 217) and in previous pleadings, states that the presiding judge was **NOT** selected by blind draw. He also asserts that 28 U.S.C. § 294 states that "any judge of the United States . . . designated as a senior judge may continue to perform such judicial duties as he is willing and able to undertake . . . ."(with emphasis on "willing to undertake"). The inference is that since Judge Moore was assigned this case, the conclusion can be drawn that Judge Moore wanted this case.

The blind draw system as it exists in the Middle District of Florida (MDFL) has been explained to Plaintiff Kaimowitz on numerous occasions. Once again, to be perfectly clear and direct about the blind draw system as it exists in the MDFL, Local Rule 1.03 (b) states that the

> Individual assignment of cases within each division shall be made at random or by lot in such proportion as the judges of the Court from time to time direct. Neither the Clerk nor any member of his staff shall have any power or discretion in determining the judge to whom any case is assigned. The method of assignment shall be designed to prevent anyone from choosing the judge to whom a case is to be assigned, and all persons shall conscientiously refrain from attempting to circumvent this rule.

Each Division of the MDFL has its own system for the random assignment of judges. There is no vehicle for a blind draw which consists of all judges of the MDFL. Chief Judge Fawsett, through her administrative authority as chief judge, assigned the case at hand to the Jacksonville Division after all of the judges of the Orlando Division recused themselves. (Also permitted by Local Rule 1.02(e)) Once the case was assigned to Jacksonville, a random assignment of judges from the Jacksonville Division was made. The blind draw in Jacksonville consists of 12 cards for each of the active judges and 6 cards for each of the senior judges. One judge is randomly and blindly selected from this lot, which in this case resulted in Judge Moore being assigned to this case.

2

As for the statute cited, it cannot be said that Judge Moore willingly took the case at hand. What he willingly did was to be a part of the random blind draw system and take the cases that were assigned based on that system. The Court does not think that it can make it any clearer to Plaintiff Kaimowitz. Each time it has been explained, he indicates an understanding of the system, but yet he continues, ad nauseam, to raise the issue in subsequent pleadings. The Court will no longer address this issue, if raised again.

3) As for this jurist's ability to continue with the case, he is unequivocally of sound mind and totally capable of seeing this case through to its natural conclusion. Cancer survivor or not, this has no place in these proceeding as it is totally irrelevant. Plaintiff Kaimowitz simply disagrees with the ruling of this Court and will obviously use whatever information he has to try to cast these unfavorably rulings in a light more favorable to him. In reviewing the case, in the numerous orders that have been entered since the case was transferred to Jacksonville, most have been the subject of a Motion for Reconsideration, including an Order in Plaintiff's favor.

The Plaintiff, since February 8, 2005 has moved to have this judge removed from the case many times for a variety of reasons. While none of these reasons has any merit whatsoever, and this cannot be stated strongly enough, the undersigned judge hereby recuses himself from this case in the interests of justice, for the benefit of the Plaintiff, United States of America, and Defendants Robert Ansley and ONIC. The core issues in this case, with which the Court has become intimately acquainted, have yet to be developed over the course of a year. Specifically, in the past twelve months, there has not been one pleading that would take us to the heart of this matter. Plaintiff Kaimowitz has been consumed with the "conspiracy" he believes exits among the Orlando Judges, this judge, Senator Martinez, Orlando city officials and the MDFL Clerk of Court. In order that the

case may proceed in a straight forward matter, the Clerk is directed to reassign this case in accordance with established procedures. To be perfectly clear, this means that it will be assigned to one of the Jacksonville judges, either active or senior, for further proceedings.

**DONE and ORDERED** in Jacksonville, Florida this __23__ day of February, 2006.

_____
JOHN H. MOORE II
United States District Judge

c:   Counsel of Record