UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
ex rel GABE KAIMOWITZ, an
attorney qui tam, pro se,

    Plaintiffs,

vs.                              Case No. 3:04-cv-1344-J-20HTS

ROBERT ANSLEY, etc.,
et al.,

    Defendants.
_____

**O R D E R**

    Before the Court is Plaintiffs' Motion to Compel Depositions (Doc. #236; Motion), filed on March 1, 2006. Defendants oppose the Motion. Defendant City of Orlando's Response to Qui Tam Plaintiffs' Motion to Compel Depositions (Doc. #240; Opposition), filed on March 7, 2006; Response of Defendants Orlando Neighborhood Improvement Corporation and Ansley to Plaintiffs' Motion/Memo of Law to Compel Depositions (Doc. #241; Second Opposition), filed on March 7, 2006.

    Plaintiffs seek to depose "Bill Frederick, one time mayor of Orlando" and "Rob Mellen III, who is listed on each of the Defendants' disclosure list[s] about information relevant to this

action." Motion at 1. In response, it is stated "[p]rior to the close of discovery, qui tam plaintiff never issued a notice setting [these] deposition[s]. The City did not block or obstruct the taking of the depositions of either person." Opposition at 3. Defendants assert the depositions should not be permitted. *Id.*; *see* Second Opposition at 1-2.

Pursuant to Rule 30(b)(1), Federal Rules of Civil Procedure, "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Furthermore, "[u]nless otherwise stipulated by all interested parties . . . a party desiring to take [such deposition] shall give at least ten (10) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." Rule 3.02(a), Local Rules, United States District Court, Middle District of Florida. It appears Plaintiffs failed to comply with these requirements.

In the Case Management and Scheduling Order (Doc. #119; CMSO) it was stated that "[a]ll discovery [must] be completed no later than March 3, 2006." CMSO at 1 (emphasis omitted); *see* Middle District Discovery (2001) at 3 ("The Court follows the rule that the completion date means that *all discovery must be completed by that date.*"); *see also* Notice of Rescheduling Pretrial Conference and Trial (Doc. #238). The Motion was filed only two days before discovery was scheduled to end. Upon consideration of all the circumstances, the Court finds no reason to allow the depositions at issue to be taken subsequent to the close of discovery.

In light of the foregoing, the Motion (Doc. #236) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of March, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any