FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

08 JAN 10 AM 9: 44

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA,
ex rel GABE KAIMOWITZ, an attorney qui tam, pro se,

      Plaintiffs,

v.                                 Case No.: 3:04-cv-1344-J-20HTS

ROBERT ANSLEY, et. al.,

      Defendants.

_____/

## ORDER

Before the Court are several motions filed by Plaintiff which relate to the upcoming hearing on Defendants' Motions for Attorneys' Fees and Taxation of Costs. (See Doc. No. 405, entered November 8, 2007.) The Court will consider each in turn.

First, Plaintiff files a Motion for an Evidentiary Hearing. (Doc. No. 407, filed December 27, 2007.) In the Motion, Plaintiff does not raise an issue with respect to whether the Defendants are a prevailing party or whether the fees requested are reasonable, which if the issue was genuine an evidentiary hearing may be warranted. Instead, Plaintiff seeks a hearing to attempt to relitigate issues that have already been decided by this Court and by the Eleventh Circuit. Thus, an evidentiary hearing is unnecessary. Accordingly, it is

**ORDERED, DECREED AND ADJUDGED**

1. Plaintiff's Motion for Evidentiary Hearing (Doc. No. 407) is **DENIED**.

1

Next, Plaintiff files a Motion to Disqualify the undersigned from presiding over the fees and costs issue in this case. Plaintiff brings the Motion under Fed. R. Civ. P. 60(b), and asks the undersigned to recuse himself from hearing this matter because the undersigned is biased against Plaintiff. Plaintiff provides no extrinsic evidence demonstrating this bias; instead, Plaintiff relies anecdotally on the fact that the Court has ruled against him in this case, and thereby infers that the Court must be biased.

Although Plaintiff brings the instant Motion pursuant to Fed. R. Civ. P. 60(b), that rule is inapplicable. Rule 60(b) allows a party to seek relief from a final judgment, order or proceeding. The Court has failed to render a decision on the issue of attorneys' fees in this case, thus there is no order or judgment from which the Plaintiff need seek relief. Furthermore, Rule 60(b) only provides relief to a party on grounds of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation by another party; (4) the judgment is void on procedural grounds; (5) satisfaction of judgment; or (6) "any other reason justifying relief from the operation of the judgment." None of these provisions provide for the relief Plaintiff seeks. Thus, the instant Motion is procedurally improper as it fails to recite an appropriate procedural mechanism for relief.

Notwithstanding this imprecision, the Court will construe the Motion broadly and infer that Plaintiff seeks relief under 28 U.S.C. §§ 144, 455. Section 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or

prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. According to its plain text, section 144 sets out two technical requirements: first, it requires that an affidavit of "a party" be submitted with the motion setting forth the relevant facts; second, it requires the filing of a certificate stating that the motion was made in good faith.

Here, Plaintiff has failed to file an affidavit, or even an unsworn statement made under penalty of perjury, which pursuant to 28 U.S.C. § 1746 has the same legal effect as an affidavit; therefore, Plaintiff has failed to satisfy the first technical requirement of the statute. In addition, Plaintiff has failed to submit a certificate stating that the motion was made in good faith, thus avoiding the good faith strictures of Fed. R. Civ. P. 11.[1] Because Plaintiff has failed to comply with the technical provisions of § 144, this Court need not consider the Motion to the extent it was brought under that provision.

Insofar as Plaintiff brings the present Motion under 28 U.S.C. § 455, it is likewise due to be denied. Under Eleventh Circuit precedent, §§ 144 and 455 must be construed *in pari materia*. See Parrish v. Bd. of Com'rs of Ala. State Bar, 524 F.2d 98, 102–03 (5th Cir. 1975).[2] Section 455 provides in relevant part:

---

[1] The Local Rule 3.01(g) statement made by Plaintiff indicating that he conferred with opposing counsel is insufficient to satisfy the statute.

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered prior to October 1, 1981.

> (a) any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455(a), (b)(1). Under § 455, the Court must employ an objective standard and resolve whether a reasonable individual could conclude based on all the relevant facts that the judge's impartiality could be questioned. Jaffree v. Wallace, 837 F.2d 1461, 1465 (11th Cir. 1998). Furthermore, "[i]t is well established that an allegation of bias sufficient to require disqualification under . . . section 455 must demonstrate that the alleged bias is personal as opposed to judicial in nature." Id. (citations omitted). This requires that the party seeking recusal must show more than a mere disagreement with the judge's judicial philosophy; indeed, the party must point out personal, extrajudicial bias. Id.; see United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993) (finding it is no basis for disqualification that the judge simply ruled adversely to the movant's cause).

In the instant matter, Plaintiff merely makes naked allegations of perceived bias and then claims that this perceived bias on the part of the undersigned was causally connected to several adverse rulings issued in this case. As Plaintiff offers no basis for the claim that the undersigned is biased, Plaintiff has failed to demonstrate that actual partiality exists or that a reasonable individual could conclude, based on the facts asserted, that the partiality of the undersigned could be questioned. Accordingly, it is

**ORDERED, DECREED AND ADJUDGED**

1. Plaintiff's Motion to Disqualify Judge (Doc. No. 408, filed December 27, 2007) is **DENIED**.

Plaintiff also moves this Court to Order that all Post-Judgment hearings be held in the new Federal Courthouse in Orlando. (Doc. No. 409, filed December 27, 2007). Plaintiff's attorney notes that he suffers from a hearing condition and argues that the Orlando Courthouse has the proper electronic equipment to assist him so as to more fully allow his participation in the hearing, whereas the Jacksonville Courthouse is insufficient in this regard. This Motion is due to be denied given that both Courthouses are equipped with comparable equipment; furthermore, the Court will ensure that all appropriate accommodations are provided Plaintiff's attorney so as to allow his participation. Accordingly, it is

**ORDERED, DECREED AND ADJUDGED**

1 Plaintiff's Motion to have all Post-Judgment Hearings held in Orlando (Doc. No. 409) is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this /0 day of January, 2008.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Gabe H. Kaimowitz, Esq.
John C. Reber, Esq.
W. Scott Gabrielson, Esq.
Martha Lee Lombardy, Esq.
Jay M. Cohen, Esq.
Roberto H. Rodriguez, Jr., Esq.